UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SHANNAHAN, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>FTAI AVIATION LTD., JOSEPH P. ADAMS, JR., and EUN (ANGELA) NAM,<br><br>       Defendants. | Case No. 1:25-cv-00541-JAV<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RICARDO VILALTA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**<br><br><u>CLASS ACTION</u> |

Ricardo Vilalta ("Mr. Vilalta" or "Movant") respectfully submits this Memorandum of Law in support of his Motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and The Schall Law Firm ("SLF") as Co-Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The above-captioned federal securities class action alleges that Defendants made materially false and misleading statements or omissions between July 23, 2024 and January 15, 2025 ("Class Period") concerning FTAI Aviation Ltd.'s ("FTAI" or the "Company") business, operations, and prospects. These facts give rise to claims against Defendants under the Securities Exchange Act of 1934, which are governed by the PSLRA.

The PSLRA directs the Court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Mr. Vilalta respectfully submits that he is the "most adequate plaintiff" under the PSLRA's provisions and should be appointed Lead Plaintiff. Mr. Vilalta believes that he has the

largest financial interest in this action by virtue of having suffered losses of $8,237.69 on his investments in FTAI securities during the Class Period.

In addition to asserting the largest financial interest in this litigation, Mr. Vilalta also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Mr. Vilalta, a resident of Leander, Texas, has the education and work and life experience to effectively represent the class. Mr. Vilalta holds a PhD in computer science and is a professor.  He is a seasoned retail investor with over ten years of experience in managing his own investment portfolio. *See* Declaration of Lucas E. Gilmore ("Gilmore Decl.") in Support of Motion of Ricardo Vilalta for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel, Exhibit ("Ex.") B filed concurrently herewith. Given his significant loss, financial interest in prosecuting this case, and background, Mr. Vilalta has both the incentive and ability to supervise and monitor counsel. Further, Mr. Vilalta fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *See* Movant's Certification and Declaration, attached as Exs. A and B to the Gilmore Decl.

Mr. Vilalta has also demonstrated his adequacy through his selection of Hagens Berman and SLF as proposed Co-Lead Counsel for the Class. Hagens Berman is a nationally recognized class action firm that has successfully litigated numerous securities class actions leading to substantial recoveries benefitting harmed investors. Hagens Berman is qualified to prosecute this case and has extensive experience in similar securities fraud class actions, including in this District. *See* Hagens Berman's Firm Résumé, Gilmore Decl., Ex. E; *see Moshell v. Sasol Limited, et al.*, Case No. 1:20-cv-01008-JPC, ECF No. 52 (S.D.N.Y. May 4, 2020) (appointing Hagens Berman

as lead counsel and noting, "Hagens Berman's resume demonstrates that it possesses experience litigating securities class actions and has had success in these matters in the past…. This demonstrates that the firm is experienced and competent such that approval is warranted."). Moreover, SLF has established its qualifications and experience in securities fraud class actions across multiple jurisdictions. SLF has been appointed co-lead counsel on several of the largest securities cases over the past two years. *See* The Schall Law Firm Résumé, Gilmore Decl., Ex. F.

Accordingly, based on Mr. Vilalta's significant losses, financial interest, and his commitment and ability to oversee this action, Mr. Vilalta respectfully requests the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.    ARGUMENT

### A.    Movant Should Be Appointed Lead Plaintiff

Mr. Vilalta should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Mr. Vilalta believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### 1.    Mr. Vilalta's Motion is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On January 17, 2025, this action was filed in Southern District of New York. The same day, a notice of pendency was published on *Business Wire*, alerting investors that the deadline to seek Lead Plaintiff status is March 18, 2025. *See* Notice of

Pendency, Gilmore Decl., Ex. D. Accordingly, Movant satisfies the PSLRA's 60-day requirement through the filing of this motion in the above-captioned action.

### 2. Mr. Vilalta has the Largest Financial Interest in the Relief Sought by the Class

Mr. Vilalta suffered losses of $8,237.69 on his investments in FTAI securities during the Class Period. *See* Movant's Certification and Loss Chart, Gilmore Decl., Exs. A, C. To the best of Movant counsel's knowledge, there is no other plaintiff with a larger financial interest than Movant. Therefore, Mr. Vilalta satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3. Mr. Vilalta Otherwise Satisfies the Requirements of Rule 23

Mr. Vilalta has also made a preliminary showing of meeting the typicality requirement of Rule 23. Mr. Vilalta's claims are identical to, and neither compete nor conflict with, the claims of the other class members. *See Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011) ("The typicality threshold is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise."). Like all other class members, Mr. Vilalta purchased FTAI securities during the class period, suffered damages as a result of Defendants' allegedly false and misleading statements, and seeks relief under the federal securities laws.

Mr. Vilalta has similarly made a preliminary showing of meeting the adequacy requirement of Rule 23. "The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id*. First, Mr. Vilalta's choice of counsel, Hagens Berman and SLF, is qualified and experienced. *See* Hagens Berman's Firm Résumé, Gilmore Decl., Ex. E, and SLF's Firm Résumé, Gilmore Decl., Ex. F. Second, Mr.

Vilalta's claims are identical to those of the other class members, and there is no other identifiable conflict. Third, Mr. Vilalta's significant financial interest in the relief sought by the class will ensure vigorous advocacy on behalf of that class.

Mr. Vilalta is therefore the presumptive lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B.     The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Hagens Berman and SLF to serve as Co-Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Gilmore Decl., Ex. E. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases. *See id.* Hagens Berman has or is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions, including in this District. *See id.*; *see e.g., Moshell v. Sasol Limited, et al.*, Case No. 1:20-cv-01008-JPC, ECF Nos. 52, 219 (S.D.N.Y.) (Hagens Berman acted as sole lead counsel and obtained final approval of $24 million settlement for the class). The Schall Law Firm has previously been appointed as lead counsel and has recovered hundreds of millions of dollars for shareholders harmed by securities fraud and corporate malfeasance. *See,* The Schall Law Firm Résumé, Gilmore Decl., Ex. F. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

### III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of Hagens Berman and SLF to serve as Co-Lead Counsel for the putative/proposed Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: March 18, 2025                     Respectfully submitted,

                                          HAGENS BERMAN SOBOL SHAPIRO LLP

                                          By  */s/ Nathaniel A. Tarnor*
                                              Nathaniel A. Tarnor
                                          594 Dean Street, Suite 24
                                          Brooklyn, NY 11238
                                          Telephone: (212) 752-5455
                                          Facsimile:  (917) 210-3980
                                          nathant@hbsslaw.com

                                          Lucas E. Gilmore, *pro hac vice* forthcoming
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          715 Hearst Avenue, Suite 300
                                          Berkeley, CA  94710
                                          Telephone: (510) 725-3000
                                          Facsimile:  (510) 725-3001
                                          reed@hbsslaw.com
                                          lucasg@hbsslaw.com

                                          Brian J. Schall, *pro hac vice* forthcoming
                                          THE SCHALL LAW FIRM
                                          2049 Century Park East, Suite 2460
                                          Los Angeles, CA 90067
                                          Telephone: (310) 301-3335
                                          Facsimile:  (310) 388-0192
                                          brian@schallfirm.com

                                          *Counsel for [Proposed] Lead Plaintiff Ricardo Vilalta*

**WORD COUNT COMPLIANCE CERTIFICATE**

I, Nathaniel A. Tarnor, certify that this brief complies with Local Civil Rule 7.1(c).

I further certify that, in preparation of this brief, I used Microsoft Word, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word court.

I further certify that the above-referenced brief contains 1,599 words.

/s/ Nathaniel A. Tarnor
NATHANIEL A. TARNOR

-1-

-2-

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

/s/ Nathaniel A. Tarnor
NATHANIEL A. TARNOR

-2-