**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MICHAEL SHANNAHAN, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   v.<br><br>FTAI AVIATION LTD., JOSEPH P. ADAMS, JR., and EUN (ANGELA) NAM,<br><br>          Defendants. | Case No. 1:25-cv-00541-JAV<br><br>ORAL ARGUMENT REQUESTED |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF BOSTON
RETIREMENT SYSTEM AND CITY OF HOLLYWOOD FIREFIGHTERS'
PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ...........................................................................................1

II.   FACTUAL BACKGROUND.............................................................................................3

III.  ARGUMENT.....................................................................................................................5

     A.    Boston and Hollywood Firefighters Are the Most Adequate Plaintiff ....................5

          1.    Boston and Hollywood Firefighters' Motion Is Timely ..............................6

          2.    Boston and Hollywood Firefighters Have the Largest Financial Interest in the Relief Sought by the Class....................................................6

          3.    Boston and Hollywood Firefighters Satisfy the Requirements of Rule 23 ........................................................................................................7

               a)    Boston and Hollywood Firefighters Are Typical............................ 7

               b)    Boston and Hollywood Firefighters Are Adequate ........................ 8

     B.    Boston and Hollywood Firefighters' Selection of Lead Counsel Should Be Approved...............................................................................................................11

IV.   CONCLUSION.................................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) ...................................................................9, 10

*Baxter v. MongoDB, Inc.*,
No. 1:24-cv-5191-GHW, 2024 WL 4753605 (S.D.N.Y. Nov. 12, 2024)..............................7, 8

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) ...................................................................11

*Mustafin v. GreenSky, Inc.*,
No. 18 Civ. 11071 (PAE), 2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ...............................9

*Richman v. Goldman Sachs Grp., Inc.*,
274 F.R.D. 473 (S.D.N.Y. 2011) ...................................................................7, 8, 12

**Rules & Statutes**

Fed. R. Civ. P. 23.................................................................... *passim*

15 U.S.C. § 78u-4 *et seq.* .................................................................... *passim*

**Docketd Cases**

*In re Acuity Brands, Inc. Sec. Litig.*,
No. 18-cv-02140-MHC (N.D. Ga.)...................................................................13

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
No. 04-cv-08141-DAB (S.D.N.Y.)...................................................................12

*In re ASML Holding N.V. Sec. Litig.*,
No. 24-cv-08664-NRB (S.D.N.Y.)...................................................................10

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
No. 09-md-2058 (PKC) (S.D.N.Y.)...................................................................12

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08-md-01963-PAC (S.D.N.Y.) ...................................................................12

*In re Fannie Mae 2008 Sec. Litig.*,
No. 08-cv-07831-PAC (S.D.N.Y.)...................................................................12

*Hollywood Firefighters' Pension Fund v. Malone*,
No. 2020-0880 (Del. Ch.) ................................................................................................10

*Lehigh Cnty. Emps.' Ret. Sys. v. Novo Nordisk A/S*,
No. 17-cv-00209-ZNQ-LHG (D.N.J.) ..............................................................................10

*In re Lehman Bros. Equity/Debt Sec. Litig.*,
No. 08-cv-5523 (LAK) (S.D.N.Y.).....................................................................................13

*In re Longtop Fin. Techs. Ltd. Sec. Litig.*,
No. 11-cv-3658 (SAS) (S.D.N.Y.)......................................................................................13

*In re NII Holdings Inc. Sec. Litig.*,
No. 14-cv-00227-LMB-JFA (E.D. Va.)..............................................................................13

*In re S. Peru Copper Corp. S'holder Derivative Litig.*,
No. 961-CS (Del. Ch.) .......................................................................................................13

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
No. 09-md-02027-BSJ (S.D.N.Y.) .....................................................................................13

*In re Schering-Plough Corp. / ENHANCE Sec. Litig.*,
No. 08-cv-00397-DMC-JAD (D.N.J) .................................................................................12

*Sjunde AP-Fonden v. Gen. Elec. Co.*,
No. 17-cv-8457 (JMF) (S.D.N.Y.)......................................................................................13

*Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*,
No. 18-cv-12084 (VSB) (S.D.N.Y.) ...................................................................................13

*In re Tyco Int'l, Ltd. Sec. Litig.*,
No. 02-md-1335 (PB) (D.N.H.)..........................................................................................12

*In re Wachovia Preferred Sec. & Bond/Notes Litig.*,
No. 09-cv-6351 (RJS) (S.D.N.Y.)..................................................................................12, 13

**Other Authorities**

H.R. Conf. Rep. No. 104-369, at 34, *reprinted in* 1995 U.S.C.C.A.N. 730 ................................2, 9

Boston Retirement System ("Boston") and City of Hollywood Firefighters' Pension Fund ("Hollywood Firefighters") respectfully submit this Memorandum of Law in support of their motion (the "Motion") for: (1) appointment as Lead Plaintiff in the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (2) approval of the selection of Labaton Keller Sucharow LLP ("Labaton") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class; and (3) any such further relief as the Court may deem just and proper.

## I. PRELIMINARY STATEMENT

The above-captioned action (the "Action") is a securities class actions brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), against FTAI Aviation Ltd. ("FTAI" or the "Company") and certain of FTAI's executive officers and directors (collectively, "Defendants"). The Action is brought on behalf of persons and entities that purchased or otherwise acquired FTAI securities between July 23, 2024, and January 15, 2025, inclusive (the "Class Period").

The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws and requires a court to appoint as lead plaintiff the movant or movant group that: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation; and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Boston and Hollywood Firefighters respectfully submit that they are the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff. Boston and Hollywood Firefighters' Motion is timely and their losses of approximately $494,122 on a

1

last-in, first-out ("LIFO") basis in connection with their transactions in FTAI securities during the Class Period represent the largest known financial interest in the relief sought by the class. *See* Declaration of Francis P. McConville ("McConville Decl."), Exs. A & B. In addition to asserting the largest financial interest, Boston and Hollywood Firefighters easily satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the class and because they will fairly and adequately represent the class.

Moreover, as institutional investors that collectively manage more than $7 billion in assets and have substantial experience serving as a lead plaintiff in other securities class actions, Boston and Hollywood Firefighters are the prototypical lead plaintiff envisioned by Congress to serve as lead plaintiff under the PSLRA, and their appointment would therefore fulfill this critical legislative purpose. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Indeed, as set forth in greater detail in the Joint Declaration of Timothy J. Smyth and Alexander Diaz (the "Joint Declaration"), submitted herewith as Exhibit C to the Declaration of Francis P. McConville, Boston and Hollywood Firefighters each have experience litigating securities class actions, including in partnership with other institutional investors. *See* McConville Decl., Ex. C, ¶¶ 4-5. Through this prior experience, Boston and Hollywood Firefighters have proven that they have the ability to direct complex litigation separate and apart from their counsel, and they are already functioning as a cohesive group in this case. *See id*. ¶¶ 7, 9-11, 13-14. Boston and Hollywood Firefighters fully understand the Lead Plaintiff's obligations to the class under the PSLRA and are willing and able to undertake those responsibilities to ensure the vigorous

2

prosecution of the Action. *See id.* ¶¶ 9-16. Accordingly, Boston and Hollywood Firefighters have provided ample evidence of their ability to work together effectively, as well as their commitment and ability to fulfill their obligations to the Class under the PSLRA.

Lastly, Boston and Hollywood Firefighters have retained experienced and competent counsel to represent the class. As the "most adequate plaintiff" under the PSLRA, Boston and Hollywood Firefighters' selection of Labaton and Kessler Topaz as Lead Counsel for the class should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## II.      FACTUAL BACKGROUND

FTAI, a Cayman Islands company with principal executive offices in New York, New York, sells and leases aviation assets and equipment. It operates through two segments, Aviation Leasing and Aerospace Products. The Aviation Leasing ("Leasing") segment owns and manages aviation assets, including aircraft and aircraft engines, which it leases and sells to customers. The Aerospace Products ("AP") segment allegedly develops, manufactures, repairs, and sells aircraft engines and aftermarket components for aircraft engines.

The Action alleges that, during the Class Period, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business and operations. Specifically, Defendants failed to disclose that: (1) the Company reported one-time aircraft engine sales as "Maintenance Repair & Overhaul" revenue when FTAI performs only limited repair and maintenance work on the engine assets sold; (2) FTAI presents whole engine sales as individual module sales, thereby overstating sales and demand; (3) the Company depreciates engines that are not on lease, which misleadingly lowered the reported cost of goods sold and inflates earnings before interest, taxes, depreciation, and amortization ("EBITDA"); and

3

(4) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Investors began to learn the truth on January 15, 2025, when Muddy Waters Research ("Muddy Waters") published a report alleging, among other things, that "FTAI materially manipulates its financials" by "exaggerating the size of its aftermarket aerospace business" by "reporting one-time engine sales as Maintenance Repair & Overhaul (MRO) revenue in its Aerospace Products (AP) segment" when, in fact, the Company "performs limited repair and maintenance work on the engine assets sold." Muddy Waters also alleges that FTAI is also "[m]isleading investors by presenting whole engine sales as individual module sales" by "deceptively count[ing] each whole engine sale as a sale of three separate modules" in order to report substantially higher module sale numbers than would otherwise be reported and create "Module Factory numbers [which] are much higher than what real [customer demand for the Factory] is." Muddy Waters further alleges FTAI's "EBITDA margins are a direct result of its misleading accounting" wherein the Company "depreciates engines in its Leasing segment, even when engines are not on lease (merely when they are ready for use)." The Company "[t]hen . . . transfers the depreciated engines to AP Inventory." These "high depreciation rates in the Leasing segment help AP report lower [cost of goods sold ("COGS")]" and, "[b]ecause AP realizes lower COGS, it reports a materially higher gross margin than it would otherwise."

In response to this news, the price of FTAI common stock declined $37.21, or more than 24%, from a close of $153.29 per share on January 14, 2025, to close at $116.08 per share on January 15, 2025.

4

III.     **ARGUMENT**

A.      **Boston and Hollywood Firefighters Are the Most Adequate Plaintiff**

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  *See id*. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member or group of members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member or group of class members and shall appoint as lead plaintiff the class member or group of class members that the court determines to be most capable of adequately representing the interests of class members.  *See id*. § 78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant or movant group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii)(I).

5

Here, Boston and Hollywood Firefighters are the "most adequate plaintiff" because they: (1) timely moved for appointment as Lead Plaintiff; (2) possess the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisf[y] the requirements of Rule 23" for purposes of this Motion.  *Id.*

### 1. Boston and Hollywood Firefighters' Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed.  *See id*. § 78u-4(a)(3)(A)(i)(II).  Here, in connection with the filing of the Action notice was published in *Business Wire* on January 17, 2025, alerting investors to the pendency of the action and informing them of the March 18, 2025 deadline to seek appointment as Lead Plaintiff.  *See* McConville Decl., Ex. D; ECF No. 6 (Notice of Publication of PSLRA Notice).  Therefore, Boston and Hollywood Firefighters' Motion is timely.  *See* ECF No. 7 (Order stating that members of the purported class have until March 18, 2025, to move for appointment as Lead Plaintiff).

### 2. Boston and Hollywood Firefighters Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant or movant group asserting the largest financial interest in the relief sought by the class and that otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Boston and Hollywood Firefighters suffered losses of approximately $494,122 on a LIFO basis in connection with their Class Period transactions in FTAI securities.  *See* McConville Decl., Exs. A-B.  To the best of Boston and Hollywood Firefighters' knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation.  Accordingly, Boston and Hollywood Firefighters have the largest financial interest of any qualified movant or movant group seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3.    Boston and Hollywood Firefighters Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *Id*. § 78u-4(a)(3)(B)(iii)(I)(cc).

Rule 23(a) provides that a party may serve as a class representative if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  At the lead plaintiff selection stage of litigation, "one need only make a 'preliminary showing' that Rule 23's typicality and adequacy requirements have been satisfied." *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011).

### a)    Boston and Hollywood Firefighters Are Typical

"The typicality requirement is satisfied when the claims of the proposed lead plaintiff arise from the same conduct from which other class members' claims and injuries arise." *Id*. (internal quotations and citation omitted).  Boston and Hollywood Firefighters satisfy the typicality requirement because, just like all other proposed class members, they seek recovery for the losses on their Class Period investments in FTAI securities that they incurred as a result of Defendants' misrepresentations and omissions.  Thus, Boston and Hollywood Firefighters' claims arise from the same conduct as those of the other class members and they satisfy Rule 23's typicality requirement. *See, e.g., Baxter v. MongoDB, Inc.*, No. 1:24-cv-5191-GHW, 2024 WL 4753605, at

*6 (S.D.N.Y. Nov. 12, 2024) (finding typical a group of pension funds where their "claims arise out of the same course of events as those of the class—the purchase of [company] common stock during the Class Period").

### b)    Boston and Hollywood Firefighters Are Adequate

The adequacy element of Rule 23 requires that the lead plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Goldman Sachs*, 274 F.R.D. at 479 (internal quotations and citation omitted).

Here, Boston and Hollywood Firefighters are adequate because their interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements. There is no antagonism or potential conflict between Boston and Hollywood Firefighters' interests and those of the other members of the class, and Boston and Hollywood Firefighters are fully committed to vigorously pursuing the claims on behalf of the class.

Moreover, Boston and Hollywood Firefighters have demonstrated their adequacy through their selection of Labaton and Kessler Topaz to serve as Lead Counsel for the class. As discussed more fully below, Labaton and Kessler Topaz are highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated their ability to prosecute complex actions in an efficient, effective, and professional manner, jointly and separately. Furthermore, Boston and Hollywood Firefighters have directed Labaton and Kessler Topaz to enter into a Joint Prosecution Agreement that outlines their respective responsibilities, and ensures there will be no

duplication of effort and that the claims of the class are prosecuted vigorously yet efficiently, and which can be provided to the Court *in camera. See* McConville Decl., Ex. C, ¶ 15.

In addition to satisfying the requirements of Rule 23, as sophisticated institutional investors with a substantial financial interest in the litigation, Boston and Hollywood Firefighters are the quintessential Lead Plaintiff that Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34, *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. To this end, many courts have recognized that the legislative history reflects a strong preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g.*, *Mustafin v. GreenSky, Inc.*, No. 18 Civ. 11071 (PAE), 2019 WL 1428594, at *4 (S.D.N.Y. Mar. 29, 2019) (calling a group of institutional investors "the type of investor Congress prefers as lead plaintiff") (citations omitted).

Indeed, based on their past experience successfully serving as lead plaintiffs, Boston and Hollywood Firefighters are well aware of the duties the Lead Plaintiff has to oversee and supervise the litigation separate and apart from counsel, and Boston and Hollywood Firefighters have submitted sworn Certifications and a Joint Declaration attesting to their willingness and ability to fulfill those duties here. *See* McConville Decl., Exs. A & C; *In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009)

9

("Groups of plaintiffs are specifically permitted by the PSLRA to be appointed lead plaintiff. . . . Because they have established their ability to act independent of counsel, the [institutional investors] are a proper group and are presumptive lead plaintiffs.").

Specifically, as set forth in their Joint Declaration, Boston and Hollywood Firefighters are sophisticated institutional investors that have combined assets under management in excess of $7 billion, as well as extensive experience leading and representing classes of investors in securities litigation. *See* McConville Decl., Ex. C, ¶¶ 2-5. They have demonstrated their willingness, resources, and ability to fulfill the Lead Plaintiff's obligations under the PSLRA and their commitment to working cohesively together in the prosecution of this litigation. *See id.* ¶¶ 9-16. Indeed, Boston and Hollywood Firefighters' decision to join together to prosecute this litigation is informed by their experience successfully prosecuting shareholder class actions alongside other institutional investors. For example, in *Lehigh County Employees' Retirement System v. Novo Nordisk A/S*, No. 17-cv-00209-ZNQ-LHG (D.N.J.), Boston, as co-lead plaintiff with several other institutional investors, recently recovered $100 million for investors. Similarly, Hollywood Firefighters recovered $110 million for the class when it represented the class, along with another institutional investor, in *Hollywood Firefighters' Pension Fund v. Malone*, No. 2020-0880 (Del. Ch.). *See also In re ASML Holding N.V. Sec. Litig.*, No. 24-cv-08664-NRB (S.D.N.Y.) (Hollywood Firefighters currently serving as lead plaintiff alongside four other pension funds with Kessler Topaz as co-lead counsel).

Moreover, Boston and Hollywood Firefighters have already taken measures to ensure the claims are vigorously and effectively prosecuted in the best interests of the class. For example, as part of their effort to formalize their oversight of this litigation and before seeking appointment as Lead Plaintiff, representatives of Boston and Hollywood Firefighters held a conference call during

10

which they discussed the strength of the claims against Defendants, their strategy for prosecuting the litigation, the benefits that the class will receive from the leadership of institutional investors with prior experience serving as Lead Plaintiff under the PSLRA, and the measures they have taken and will take to ensure that the class' claims will be zealously and efficiently litigated. *See* McConville Decl., Ex. C, ¶ 10. To that end, Boston and Hollywood Firefighters discussed with each other the importance of joint decision-making, open communication, and the ability to confer, with or without counsel, on short notice in order to make timely decisions. *See id*. ¶¶ 10-11. In addition, Boston and Hollywood Firefighters directed their proposed Lead Counsel to enter into a Joint Prosecution Agreement that outlines their proposed Lead Counsel's respective responsibilities and ensures there will be no duplication of effort and that the claims of the class are prosecuted vigorously yet efficiently and in a cost-effective manner, and which can be provided to the Court *in camera*. *See id*. ¶ 15. Through these measures and others, Boston and Hollywood Firefighters have sought to ensure the class will receive the best possible representation.

In sum, Boston and Hollywood Firefighters have demonstrated their willingness, resources, and experience and commitment to working closely with one another to supervise Lead Counsel and obtain the best possible recovery for the class.

### B. Boston and Hollywood Firefighters' Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citations omitted). Here, Boston and Hollywood Firefighters have selected Labaton and Kessler

11

Topaz to serve as Lead Counsel for the class. Their selection of counsel should be approved. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Goldman Sachs*, 274 F.R.D. at 480 (approving selection of multiple counsel by a group of institutional investors).

Labaton has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous actions on behalf of defrauded investors. For example, Labaton served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141-DAB (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $473 million recovery in *In re Schering-Plough Corp. / ENHANCE Securities Litigation*, No. 08-cv-00397-DMC-JAD (D.N.J), in which it served as co-lead counsel. Labaton also secured a $294.9 million recovery as co-lead counsel in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963-PAC (S.D.N.Y.). Labaton also secured a $170 million recovery as co-lead counsel—with Boston as a co-lead plaintiff—in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831-PAC (S.D.N.Y.). Labaton presently serves as lead or co-lead counsel in several significant investor class actions. *See* McConville Decl., Ex. E (Labaton's Firm Résumé).

Similarly, Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* McConville Decl., Ex. F (Kessler Topaz's Firm Profile). The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million

12

recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery).  Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high-profile securities class actions in this District, including: *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.) ($362.5 million settlement preliminarily approved); and *Sjunde AP-Fonden v. Goldman Sachs Group, Inc.*, No. 18-cv-12084 (VSB) (S.D.N.Y.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class' favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions at the time to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct). The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Not only are Labaton and Kessler Topaz each well-qualified and experienced law firms in their own right, but they also have successfully worked together as co-lead counsel in the prosecution of a number of securities class actions.  *See, e.g.*, *In re Satyam Comput. Servs. Ltd. Sec. Litig.*, No. 09-md-02027-BSJ (S.D.N.Y.) ($150 million recovery for the class); *In re NII Holdings Inc. Sec. Litig.*, No. 14-cv-00227-LMB-JFA (E.D. Va.) ($41.5 million recovery for the class); *In re Acuity Brands, Inc. Sec. Litig.*, No. 18-cv-02140-MHC (N.D. Ga.) ($15.75 million recovery for the class).

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Boston and Hollywood Firefighters' selection of Labaton and Kessler Topaz as Lead Counsel for the class.

## IV.    CONCLUSION

For the reasons set forth above, Boston and Hollywood Firefighters respectfully request that the Court: (1) appoint Boston and Hollywood Firefighters as Lead Plaintiff; (2) approve their selection of Labaton and Kessler Topaz as Lead Counsel for the class; and (3) grant such other relief as the Court may deem just and proper.

Dated: March 18, 2025                         Respectfully submitted,

                                              **LABATON KELLER SUCHAROW**
                                              **  LLP**

                                              *s/ Francis P. McConville*
                                              Francis P. McConville
                                              Connor C. Boehme
                                              140 Broadway
                                              New York, NY 10005
                                              Telephone: (212) 907-0700
                                              Facsimile: (212) 818-0477
                                              fmcconville@labaton.com
                                              cboehme@labaton.com

                                              **KESSLER TOPAZ MELTZER**
                                              **  & CHECK, LLP**
                                              Naumon A. Amjed
                                              Darren J. Check
                                              Ryan T. Degnan
                                              Karissa J. Sauder
                                              280 King of Prussia Road
                                              Radnor, PA 19087
                                              Telephone: (610) 667-7706
                                              Facsimile: (610) 667-7056
                                              namjed@ktmc.com
                                              dcheck@ktmc.com
                                              rdegnan@ktmc.com
                                              ksauder@ktmc.com

14

*Counsel for Boston Retirement System and City of Hollywood Firefighters' Pension Fund and Proposed Lead Counsel for the Class*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff Movants Boston and Hollywood Firefighters, certifies that this Memorandum of Law in support of Boston and Hollywood Firefighters' Motion contains 4,037 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

Dated: March 18, 2025

*s/ Francis P. McConville*
Francis P. McConville
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com