UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

MICHAEL SHANNAHAN, Individually and       :     Civil Action No. 1:25-cv-00541-JAV
on Behalf of All Others Similarly Situated,
                                          :     CLASS ACTION
                                          :
                 Plaintiff,               :
                                          :     MEMORANDUM OF LAW IN SUPPORT
                                          :     OF MOTION FOR APPOINTMENT AS
        vs.                               :     LEAD PLAINTIFF AND APPROVAL OF
                                          :     LEAD PLAINTIFF'S SELECTION OF
FTAI AVIATION LTD., JOSEPH P. ADAMS,       :     LEAD COUNSEL
JR., and EUN (ANGELA) NAM,                 :
                                          :
                 Defendants.              :
                                          :
——————————————————————— x

4935-5946-9354

## I.    INTRODUCTION

Pending before the Court is a securities class action lawsuit on behalf of purchasers or acquirers of FTAI Aviation Ltd. ("FTAI" or the "Company") securities between July 23, 2024 and January 15, 2025, inclusive (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act") against the Company and certain of its executive officers. The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."   15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and City of Detroit General Retirement System (collectively, the "Pension Funds") should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Funds' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

FTAI Aviation owns, leases, and sells aviation equipment, among other things.  FTAI stock trades on the NASDAQ under the symbol FTAI.

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) FTAI reported one-time engine sales as Maintenance Repair & Overhaul revenue when the Comapny only performs limited repair and

4935-5946-9354

maintenance work on the engine assets sold; (ii) FTAI presents whole engine sales as individual module sales, thereby overstating sales and demand; and (iii) the Company depreciates engines that are not on lease, which misleadingly lowers the reported cost of goods sold and inflates earnings before interest, taxes, depreciation, and amortization ("EBITDA").

On January 15, 2025, Muddy Waters Research published a report alleging, among other things, that "FTAI materially manipulates its financials" by "exaggerating the size of its aftermarket aerospace business," "misleading investors by presenting whole engine sales as individual module sales," "inflating Aerospace Products' EBITDA margins by means of over-depreciation in the leasing segment," and "engaging in channel stuffing." ECF 1 at ¶3. On this news, the price of FTAI Aviation stock fell more than 24%.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of FTAI securities, the Pension Funds and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

- 2 -

4935-5946-9354

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).   The Pension Funds meet these requirements and should be appointed Lead Plaintiff.

### 1.    The Pension Funds' Motion Is Timely

The statutory notice was published in this action on January 18, 2025 in *Business Wire* and advised putative class members of the action's pendency, the claims asserted, the proposed Class Period, and the right to move the Court to be appointed as lead plaintiff by March 18, 2025.  *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A, filed concurrently herewith.  Because this motion is being filed by the statutory deadline, it is timely, and the Pension Funds are entitled to be considered for appointment as lead plaintiff.

### 2.    The Pension Funds Have a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Pension Funds suffered more than $436,382 in losses on their purchases of FTAI securities during the Class Period as a result of defendants' alleged violations of the federal securities laws.  *See* Rosenfeld Decl., Exs. B, C.  To the best of the Pension Funds' counsel's knowledge, there are no other plaintiffs with a larger financial interest.

### 3.    The Pension Funds Are Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "'At this stage in the litigation, [a] party moving for lead plaintiff of the consolidated action need only make a preliminary

- 3 -

4935-5946-9354

showing that it satisfies the typicality and adequacy requirements of Rule 23.'" *Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008) (citation omitted). "'[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). The adequacy requirement is satisfied where: "(1) there [is] no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel [is] qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff [has] a sufficient interest in the outcome to insure vigorous advocacy." *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005).

Here, the Pension Funds' claims are typical of those of the class because – like all class members – they purchased FTAI securities during the Class Period at artificially inflated prices, and suffered losses as a result of defendants' alleged misconduct. Substantially similar – if not identical – legal arguments and discovery will be required to prove defendants' liability. The Pension Funds therefore satisfy the typicality requirement of Rule 23.

The Pension Funds are also adequate because their interests in the action are squarely aligned with the interests of the other members of the class. As evidenced by their sworn Certifications and Joint Declaration, the Pension Funds are highly incentivized to maximize the recovery for all putative class members harmed by defendants' alleged misrepresentations based on, among other things, the substantial losses the Pension Funds suffered. *See* Rosenfeld Decl., Exs. B, D. Moreover, as institutional investors, the Pension Funds are precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would

4935-5946-9354

significantly benefit absent class members."); *Xianglin Shi*, 2005 WL 1561438, at \*5 ("'In enacting the PSLRA, Congress expressed an intention to encourage institutional investors to step forward and assume the role of lead plaintiff in an effort to prevent lawyer-driven litigation.'. . . Because the size and experience of institutional investors can be of significant assistance to the prosecution of the action, a number of courts 'have understood [the PSLRA] to favor large institutional investors' as lead plaintiff.") (citation omitted). Indeed, the Pension Funds are sophisticated fiduciaries, collectively managing billions of dollars on behalf of thousands of fund participants and their beneficiaries. As demonstrated in their Joint Declaration, the Pension Funds have extensive experience serving as representative parties in securities class actions and have established their ability and willingness to vigorously prosecute this action together. *See* Rosenfeld Decl., Ex. D at ¶5. Because the Pension Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that the Pension Funds are the "most adequate plaintiff."

**B.      The Court Should Approve the Pension Funds' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension Funds have selected Robbins Geller to serve as lead counsel in this case.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have

---

[1]      For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

- 5 -

4935-5946-9354

noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

---

[2]     *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925

- 6 -

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this motion, the class will receive the highest caliber of legal representation. Accordingly, the Pension Funds' selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

The Pension Funds satisfy each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Pension Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED: March 18, 2025                    Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         DAVID A. ROSENFELD


                                         _s/ David A. Rosenfeld_
                                         DAVID A. ROSENFELD

                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         drosenfeld@rgrdlaw.com

---

million recovery is the largest securities class action recovery in the Eighth Circuit); _In re Qwest Commc'ns Int'l, Inc. Sec. Litig._, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); _In re HealthSouth Corp. Sec. Litig._, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4935-5946-9354

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
tmichaud@vmtlaw.com

Additional Counsel

- 8 -

4935-5946-9354