# EXHIBIT D

**JOINT DECLARATION IN SUPPORT OF LEAD PLAINTIFF MOTION**

We, the representatives of the Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan ("Central PA Teamsters Defined Benefit Plan"), Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987 ("Central PA Teamsters Retirement Income Plan 1987"), and City of Detroit General Retirement System ("Detroit General") (collectively, the "Pension Funds"), pursuant to 28 U.S.C. §1746, declare as follows:

1.     We respectfully submit this Joint Declaration in support of the Pension Funds' motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We each have personal knowledge about the information in this Joint Declaration relating to our own activities, actions, and beliefs.

2.     I, Joseph J. Samolewicz, serve as Administrator for Central PA Teamsters Defined Benefit Plan and Central PA Teamsters Retirement Income Plan 1987 and am authorized to make this Joint Declaration on their behalves. Central PA Teamsters Defined Benefit Plan and Central PA Teamsters Retirement Income Plan 1987 purchased FTAI Aviation Ltd. ("FTAI") securities as set forth in their Certifications that accompany the Pension Funds' motion. Central PA Teamsters Defined Benefit Plan and Central PA Teamsters Retirement Income Plan 1987 understand that this case is governed by the PSLRA, and are familiar with the obligations and responsibilities owed to a class.

3.     I, Kevin Kenneally, serve as Chief Investment Officer for Detroit General and am authorized to make this Joint Declaration on its behalf. Detroit General purchased FTAI securities as set forth in Detroit General's Certification that accompanies the Pension Funds' motion. Detroit General understands that this case is governed by the PSLRA, and is familiar with the obligations and responsibilities owed to a class.

4.     The Pension Funds seek to recover the significant harm the Pension Funds and the class suffered as a result of defendants' alleged violations of federal securities laws. The Pension Funds' primary goal in seeking appointment as lead plaintiff is to ensure that this litigation is

effectively prosecuted to achieve the best recovery for the class.  The Pension Funds are committed to obtaining redress for the misconduct alleged in this case, which raises concerns about the integrity of public markets and threatens the interests of institutional investors.  We are also aware that institutional investors serving as lead plaintiff generally achieve higher recoveries for class members than individual investors do.

5.    The Pension Funds have experience serving as representative parties under the PSLRA (both in an individual capacity and as part of small groups of like-minded institutions) and understand the importance of having an engaged lead plaintiff monitor the litigation and supervise counsel.  Central PA Teamsters Defined Benefit Plan and Central PA Teamsters Retirement Income Plan 1987 are currently serving as lead plaintiff as part of a small group of institutional investors in the securities class action against Masimo Corporation.  *See Vazquez v. Masimo Corporation*, No. 3:23-cv-01546 (S.D. Cal.).  There, Central PA Teamsters Defined Benefit Plan and Central PA Teamsters Retirement Income Plan 1987, along with another institutional investor serving as lead plaintiff, have successfully defeated defendants' motion to dismiss and are now engaged in discovery.  Central PA Teamsters Defined Benefit Plan and Central PA Teamsters Retirement Income Plan 1987 have also achieved significant recoveries for shareholders serving as lead plaintiff in cases such as *Allison v. Oak Street Health, Inc.*, No. 1:22-cv-00149 (N.D. Ill.) ($60 million recovery as part of institutional investor lead plaintiff group with Robbins Geller Rudman & Dowd LLP as co-lead counsel) and *In re Pegasystems Inc. Sec. Litig.*, No. 1:22-cv-11220 (D. Mass.) ($35 million recovery with Robbins Geller as lead counsel).  Detroit General also has a strong record of successfully seeking redress on behalf of harmed shareholders, recovering hundreds of millions of dollars for class members in cases where Detroit General served as lead plaintiff.  For example, Detroit General achieved recoveries of $300 million (*see In re Bristol-Myers Squibb Sec. Litig. II*, No. 1:02-cv-02251 (S.D.N.Y.)) and $39 million (*see In re R&G Fin. Corp. Sec. Litig.*, No. 1:05-cv-04186 (S.D.N.Y.)) before courts in this District.

6.    In light of these experiences serving in leadership positions in securities class actions, the Pension Funds' common objectives in ensuring that securities class actions are directed by

sophisticated and engaged institutional investors, as well as our duties as fiduciaries to beneficiaries and participants, we believe that a lead plaintiff focused on the litigation and monitoring class counsel plays an essential role in achieving successful outcomes for class members in securities class actions.

7.      As a result of the significant losses suffered by the Pension Funds and their common goals as institutional investors to serve as lead plaintiff in this and other class actions under the PSLRA, the Pension Funds decided to join together to prosecute this action as lead plaintiff for the class.  The Pension Funds have coordinated their actions herein and have communicated with each other and with counsel to discuss procedures for directing this litigation and monitoring counsel.

8.      To that end, before filing our motion, the Pension Funds participated in a conference call to coordinate our leadership of this litigation.  We spoke together with and without counsel regarding this case.  We discussed the merits of the action, oversight of counsel, our shared advisors, the strategy for joint prosecution of the case, the status of Robbins Geller's investigation into FTAI, the strengths of seeking appointment together as institutional investors with substantial losses, the lead plaintiff's responsibilities, our commitment to act in the class' best interests, and the lead plaintiff motion process.  Moreover, we agreed to protocols regarding how we will jointly prosecute the case.  We are committed to having additional communications as often as necessary to ensure active oversight and direction of counsel if we are appointed lead plaintiff.

9.      We intend to share our perspectives, experiences, and resources to direct this litigation, as we have done in other cases.  To that end, we discussed the importance of joint decision-making and maintaining open communication that will enable us to confer, with or without counsel, via telephone, video conference, and/or email on short notice to ensure that we are able to make timely decisions.  We have exchanged direct contact information with each other so that we can continue to communicate with or without counsel.  The Pension Funds have staff dedicated to overseeing this matter that are available to confer via telephone and/or email to ensure that our funds are able to make timely decisions.

- 3 -

10.    We do not believe any disagreements will arise that cannot be resolved through discussion and collaboration between our funds.  Based on our communications to date, we believe we are aligned in our objective to maximize the recovery for investors through this litigation. However, in the event a disagreement arises that cannot be resolved through a collaborative process, we have agreed to a decision-making mechanism.

11.    We understand that a lead plaintiff acts on behalf of and for the benefit of all potential class members.  We are aware that the lead plaintiff's responsibilities include interacting with and directing lead counsel, reviewing important documents in the case, attending important court hearings and trial as necessary, participating in discovery, overseeing settlement discussions, and authorizing any potential settlement on behalf of the class.  We are willing and able to undertake these responsibilities on behalf of the class.

12.    We understand that, as lead plaintiff, it is our responsibility to select counsel for the class.  We have selected Robbins Geller as Lead Counsel based on the firm's extensive securities litigation experience in this Court and around the country, and Robbins Geller's recovery of billions of dollars on behalf of defrauded investors in complex securities cases like this.  We are also aware that institutional investors serving as lead plaintiff generally achieve higher recoveries for class members than individual investors do, particularly when represented by capable and resourceful lead counsel in cases where the class damages are very significant.

13.     Based on these facts, we believe that, if appointed by the Court, our service as lead plaintiff and oversight of Robbins Geller will result in an optimal outcome for the putative class.

I, Joseph J. Samolewicz, declare under penalty of perjury that the foregoing is true and correct.  Executed on March ___18___, 2025.

CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND – DEFINED BENEFIT PLAN AND CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND – RETIREMENT INCOME PLAN 1987
By: Joseph J. Samolewicz, Administrator

I, Kevin Kenneally, declare under penalty of perjury that the foregoing is true and correct. Executed on March ___18___, 2025.

CITY OF DETROIT GENERAL RETIREMENT SYSTEM
By: Kevin Kenneally, Chief Investment Officer