**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL SHANNAHAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-00541-JAV |
| Plaintiff, | ORAL ARGUMENT REQUESTED |
| v. | |
| FTAI AVIATION LTD., JOSEPH P. ADAMS, JR., and EUN (ANGELA) NAM, | |
| Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF BOSTON RETIREMENT SYSTEM AND CITY OF HOLLYWOOD FIREFIGHTERS' PENSION FUND FOR APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

1

## PRELIMINARY STATEMENT

Boston and Hollywood Firefighters[1] are the most adequate plaintiff under the PSLRA and should be appointed Lead Plaintiff. With losses of $494,122, Boston and Hollywood Firefighters unquestionably have the largest financial interest of any movant. Further, Boston alone, with a loss of $377,530, has the largest financial interest of any individual before the Court. Boston and Hollywood Firefighters also satisfy the typicality and adequacy requirements of Rule 23. Boston and Hollywood Firefighters are typical of the Class because they transacted in FTAI securities and were harmed thereby once the artificial inflation was removed from the price of the securities. Boston and Hollywood Firefighters are likewise adequate as they lack any antagonism towards absent Class members and have selected Labaton and Kessler Topaz, nationally recognized securities class action firms, as proposed Lead Counsel for the Class. *See Moshell v. Sasol Ltd.*, 2020 WL 2115410, at *2 (S.D.N.Y. May 4, 2020) (finding adequacy requirement satisfied where movant selected "firm experienced in securities class action litigation"). In addition, Boston and Hollywood Firefighters submitted sworn Certifications and a Joint Declaration affirming their willingness to be Lead Plaintiff and their desire and commitment to oversee the prosecution and zealously represent the interests of the Class. *See* ECF Nos. 24-1 & 24-3.

Further, in recognition that Boston and Hollywood Firefighters have the largest financial interest of any movant and are otherwise adequate to represent the Class, all competing movants have withdrawn their motion for Lead Plaintiff appointment or filed a notice of non-opposition to

---

[1] All definitions and abbreviations used herein remain unchanged from Boston and Hollywood Firefighters' initial moving brief, unless otherwise indicated. *See* ECF No. 20. All citations and internal quotations are omitted, and all emphasis is added, unless noted.

the appointment of Boston and Hollywood Firefighters.  *See* ECF Nos. 40, 42-46.  Therefore, Boston and Hollywood Firefighters' motion is unopposed.

Thus, in accordance with the PSLRA, Boston and Hollywood Firefighters are entitled to a strong presumption that they are the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Further, no movant has submitted or will be able to submit the requisite "proof" to rebut this presumption.  *Id.* § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) (noting that the fact that the presumption is "rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient" and that "the statute provides that the presumption may be rebutted only upon proof.").  As a result, the PSLRA's "sequential" review process dictates that the Court's inquiry begins and ends with Boston and Hollywood Firefighters. *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("Once . . . the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.").

## ARGUMENT

I.    **BOSTON AND HOLLYWOOD FIREFIGHTERS SHOULD BE APPOINTED AS LEAD PLAINTIFF**

Boston and Hollywood Firefighters respectfully submit that they are the presumptively "most adequate plaintiff" because they have complied with the PSLRA's procedural requirements, possess the largest financial interest of any qualified movant, and otherwise satisfy Rule 23's typicality and adequacy requirements.  *See Rosi v. Alcaris Therapeutics, Inc.*, 2019 WL 5778445, at \*2-4 (S.D.N.Y. Nov. 6, 2019) (appointing movant with largest financial interest who also made *prima facie* showing of typicality and adequacy.)

A.    **Boston and Hollywood Firefighters Have the Largest Financial Interest in the Relief Sought by the Class**

Boston and Hollywood Firefighters have, without a doubt, the largest financial interest in

the relief sought by the Class.  Courts in this Circuit have held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest in the litigation.  *See Woburn Ret. Sys. v. Salix Pharms. Ltd.*, 2015 WL 1311073, at *4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss.").  As demonstrated by the following chart, the loss of each other movant is much smaller than that of Boston and Hollywood Firefighters:

| MOVANT[2] | LOSS[3] |
|---|---|
| Boston | ($377,530) |
| Hollywood Firefighters | ($116,591) |
| | |
| **Combined Loss** | **($494,122)** |
| ~~Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan~~ | ~~($193,564)~~ |
| ~~Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987~~ | ~~($97,785)~~ |
| ~~City of Detroit General Retirement System~~ | ~~($145,034)~~ |
| | |
| **~~Combined Loss~~** | **~~($436,383)~~** |
| ~~Nova Scotia Public Superannuation Plan~~ | ~~($149,886)~~ |
| ~~Nova Scotia Teachers' Pension Plan~~ | ~~($128,195)~~ |
| | |
| **~~Combined Loss~~** | **~~($278,081)~~** |
| ~~Ricardo Vilalta~~ | ~~($8,238)~~ |
| ~~Cady Pham~~ | ~~($6,808)~~ |
| ~~Roger Wolter~~ | ~~($5,425)~~ |
| ~~Paulo Buigasco~~ | ~~($3,041)~~ |

Further, with a loss of $377,530, Boston has by far the largest loss of any individual movant. Courts in this District consistently appoint movant groups that include a group member with a loss larger than that of any competing movant.  *See, e.g.*, *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d

---

[2] Loss figures taken from the loss charts accompanying each respective movant's initial motion. ECF Nos. 10-3, 13-2, 22-3, 23-3, 24-2, 32-1, 36-3.

[3] Certain movants are shown in struck-through text because, in recognition that Boston and Hollywood Firefighters have the largest financial interest of any movant and are otherwise adequate to represent the Class, they have withdrawn their motions for Lead Plaintiff appointment or filed a notice of non-opposition to the appointment of Boston and Hollywood Firefighters.  *See* ECF Nos. 40, 42-46.

348, 356 (S.D.N.Y. 2011) (appointing a group lead plaintiff where an individual group member had the largest individual losses of any movant); *Crass v. Yalla Grp. Ltd.*, 2021 WL 5181008, at *5 (S.D.N.Y. Nov. 8, 2021) (same); *Peters v. Jinkosolar Holding Co.*, Ltd., 2012 WL 946875, at *9 (S.D.N.Y. Mar. 19, 2012) (appointing movant group that includes "the class members with, far and away, the largest financial interest of any individual or group (that has otherwise come forward)").

In addition to asserting significantly greater losses, Boston and Hollywood Firefighters also purchased more shares of FTAI stock (on a total and net basis) than any other movant[4] and expended greater net funds on those purchases than any other movant. *See, e.g.*, *Cortina v. Anavex Life Scis. Corp.*, 2016 WL 1337305, at *1 (S.D.N.Y. Apr. 5, 2016) (explaining how "[c]ourts tend to treat [these] factors" of total shares purchased, net shares purchased, net funds expended, and claimed loss "in ascending order of importance, with the number of shares purchased as the least important and the size of the loss the most important"). Indeed, Boston alone purchased more shares of FTAI stock (on a total and net basis) than any other individual movant and expended greater net funds on those purchases than any other movant. As such, there can be no credible dispute that Boston and Hollywood Firefighters have "the largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**B.    Boston and Hollywood Firefighters Satisfy the Requirements of Rule 23**

In addition to suffering the largest loss, Boston and Hollywood Firefighters also satisfy the PSLRA's preliminary showing of typicality and adequacy. *See* 15 U.S.C. § 78u-

---

[4] In additional to shares of FTAI stock, City of Detroit General Retirement System also purchased FTAI bonds. However, these bonds only accounted for 1.1% of City of Detroit General Retirement System's loss.

4(a)(3)(B)(iii)(I)(cc); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."). Indeed, "a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation.]" *Jolly Roger Offshore Fund LTD v. BKF Cap. Grp., Inc.*, 2007 WL 2363610, at *4 (S.D.N.Y. Aug. 16, 2007). Here, Boston and Hollywood Firefighters unquestionably satisfy both requirements.

### 1.    Boston and Hollywood Firefighters Are Typical

Boston and Hollywood Firefighters are typical to the Class as a whole and not subject to any potentially disqualifying unique defenses. *See* ECF No. 20 at 7-8. "With respect to typicality, courts consider whether the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise." *Plaut* v. *Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *3 (S.D.N.Y. Sept. 19, 2019). Additionally, Rule 23 does not require the lead plaintiff to be identically situated with all class members to satisfy the typicality requirement. *Id.* (noting that "claims need not be identical").

Boston and Hollywood Firefighters' claims are typical of the Class as a whole. Boston and Hollywood Firefighters suffered losses on their investments in FTAI securities as a result of their reliance on Defendants' alleged misstatements and/or omissions. Therefore, Boston and Hollywood Firefighters' claims are based on the same course of events as the claims of the Class and will rely upon the same legal theories as the Class as a whole. Thus, Boston and Hollywood Firefighters satisfy the typicality requirement.

### 2.    Boston and Hollywood Firefighters Are Adequate

Boston and Hollywood Firefighters also satisfy Rule 23's adequacy requirement. *See* ECF No. 20 at 8-11. In analyzing a movant's adequacy, "a court must consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Salinger v. Sarepta Therapeutics, Inc.*, 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019).

Here, given their significant losses, Boston and Hollywood Firefighters are strongly motivated to vigorously act as an advocate and fiduciary on behalf of the Class and are well equipped to oversee counsel in this regard. Further, Boston and Hollywood Firefighters have demonstrated their adequacy through the selection of Labaton and Kessler Topaz, firms with decades of experience successfully litigating securities class actions, as their proposed Lead Counsel for the Class. *See* ECF Nos. 24-6 & 25-6. Further, there is no conflict of interest between Boston and Hollywood Firefighters' interests and those of the other Class members. To the contrary, the interests of Boston and Hollywood Firefighters and other Class members are directly aligned because all suffered damages from their purchases of FTAI securities at prices artificially inflated by Defendants' misconduct.

Additionally, Boston and Hollywood Firefighters are sophisticated institutional investors committed to achieving the best possible result for the Class and possess the experience, resources, and capability necessary to oversee this complex litigation and their counsel. *See* ECF No. 20 at 8-11. Boston and Hollywood Firefighters, which oversee billions of dollars in assets, are the paradigmatic Lead Plaintiff envisioned by Congress. *See* H.R. Conf. Rep. No. 103-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 733 (explaining that "increasing the role of institutional

investors in class actions will ultimately benefit shareholders and assist courts by improving quality of representation in securities class actions"); *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs").

Based on the foregoing, Boston and Hollywood Firefighters, as the movants with the largest financial interest who also satisfy the typicality and adequacy requirements of Rule 23, are entitled to appointment as Lead Plaintiff.

### C. The Presumption That Boston and Hollywood Firefighters Should Be Appointed Lead Plaintiff Cannot Be Rebutted

To overcome the presumption entitling Boston and Hollywood Firefighters to appointment as Lead Plaintiff, the PSLRA requires the remaining Lead Plaintiff movants to present "proof" that they are inadequate to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption"). No other movant has submitted or will be able to submit the required "proof" that Boston and Hollywood Firefighters fail on typicality or adequacy grounds. Therefore, Boston and Hollywood Firefighters are entitled to appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (evidentiary burden required to rebut presumption of most adequate plaintiff is "proof").

## II.  THE COMPETING MOTIONS SHOULD BE DENIED

As Boston and Hollywood Firefighters are the unrebutted and unopposed presumptive PSLRA Lead Plaintiff in this case, the plain language of the statute mandates Boston and Hollywood Firefighters' appointment and the denial of the competing motions. *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also In re Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the

largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").  Therefore, the competing Lead Plaintiff motions should be denied.

## **CONCLUSION**

For the foregoing reasons, Boston and Hollywood Firefighters respectfully request the Court grant their unopposed motion and enter an Order: (1) appointing Boston and Hollywood Firefighters as Lead Plaintiff; (2) approving Boston and Hollywood Firefighters' selection of Labaton and Kessler Topaz as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

DATED:  April 18, 2025

Respectfully submitted,

*/s/ Francis P. McConville*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville
Connor C. Boehme
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
Karissa J. Sauder
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com
ksauder@ktmc.com

*Counsel for Boston Retirement System and City of Hollywood Firefighters' Pension Fund and Proposed Lead Counsel for the Class*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Lead Plaintiff Movants Boston and Hollywood Firefighters, certifies that this Memorandum of Law in support of Boston and Hollywood Firefighters' Motion contains 1993 words and is in compliance with the word-count limitation of Local Civil Rule 7.1(c).

DATED:  April 18, 2025

Respectfully submitted,

*/s/ Francis P. McConville*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com