UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                               :
MICHAEL SHANNAHAN, *Individually and on*     :
*Behalf of All Others Similarly Situated,*         :
                                               :           25-CV-0541 (JAV)
                            Plaintiffs,       :
                  -v-                         :           <u>OPINION AND ORDER</u>
                                                 :
FTAI AVIATION LTD., et al.,                    :
                                                 :
                        Defendants.      :
------------------------------------------------------------------ X

JEANNETTE A. VARGAS, United States District Judge:

       This action was commenced by Michael Shannahan, on behalf of himself and all others similarly situated (the "Class"), against Defendants FTAI Aviation Limited ("FTAI") and certain of its officers, alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 10b-5 promulgated thereunder.  The unopposed motion of Boston Retirement System ("Boston Retirement") and City of Hollywood Firefighters Pension Fund ("Hollywood Firefighters Fund") for appointment as lead plaintiffs and approving the selection of Labaton Keller Sucharow LLP ("Labaton") and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as co-lead counsel for the Class (ECF No. 18) is GRANTED.

## PROCEDURAL HISTORY

       This securities class action seeks relief on behalf of all persons or entities that purchased or acquired FTAI securities between July 23, 2024, and January 15, 2025 (the "Class Period").  ECF No. 1 ("Compl.").  FTAI sells and leases aviation

assets and equipment.  The Complaint alleged that, during the Class Period, Defendants made materially false and/or misleading statements and failed to disclose materially adverse facts about FTAI's business in order to manipulate its financial reporting.  *Id.* at ¶ 7. Specifically, the Complaint alleges that Defendants (1) listed one-time aircraft engine sales as "Maintenance Repair & Overhaul" revenue, thereby exaggerating the size of its aftermarket aerospace business; (2) reported each engine sales as three individual module sales, thereby overstating its module sales numbers; and (3) depreciated engines that are not on lease, which misleadingly lowered the reported cost of goods sold and inflates earnings before interest, taxes, depreciation, and amortization.  *Id.*

On January 17, 2025, the same day as the Complaint was filed, notice of this class action lawsuit was published in Business Wire.  *See* ECF No. 24 ("McConville Decl."), Ex. D ("Notice").  The Notice announced that a securities class action had been filed against FTAI and other defendants, as well as advised investors in FTAI securities that they had 60 days from the date of the Notice's publication to file a motion to be appointed as lead plaintiff.  *See Id.*

The Court received seven motions to serve as lead plaintiff, on behalf of Boston Retirement and Hollywood Firefighters Fund; Roger Wolter; Cady Pham; Ricardo Vilalta; Paulo Buigasco; the Central Pennsylvania Teamsters Pension Fund Defined Benefit Plan, the Central Pennsylvania Teamsters Pension Fund Retirement Income Plan 1987, and the City of Detroit General Retirement System (collectively, "Teamsters Pension Fund"); and the Nova Scotia Public Service

Superannuation Plan and Nova Scotia Teachers' Pension Plan (collectively, "Nova Scotia Plans"). ECF Nos. 8, 11, 17, 18, 21, 29, 34.

Four of the movants—Pham, Wolter, Teamsters Pension Fund, and Buigasco—subsequently withdrew their motions. ECF Nos. 40, 42, 43, 44. The Nova Scotia Plans and Vilalta filed notices of non-opposition to Boston Retirement and Hollywood Firefighters Fund's motion. ECF Nos. 45, 46.

## DISCUSSION

### A. APPOINTMENT OF LEAD PLAINTIFF

The PSLRA governs the appointment of a lead plaintiff in a private securities class action. The PSLRA directs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In appointing lead plaintiff, the Court must adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

The Court finds that Boston Retirement and Hollywood Firefighters Fund

have met their burden of demonstrating that they should be appointed to serve as lead plaintiffs.

1. **Timeliness Requirement**

In a case arising under the Securities Act, the PSLRA requires that within 20 days of the filing of a complaint, plaintiffs must publish, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i). If additional class actions are filed, however, only the plaintiffs in the first filed action must publish the required notice. *Id.* § 78u-4(a)(3)(A)(ii). In evaluating the appointment of a lead plaintiff under the PSLRA, "courts have an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA." *City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 23 Civ. 1769, 2023 WL 6458930, at *2 (S.D.N.Y. Oct. 4, 2023) (quoting *Chitturi v. Kingold Jewelry, Inc.*, No. 20 Civ. 2886, 2020 WL 8225336, at *3 (E.D.N.Y. Dec. 22, 2020)).

Statutory notice was timely published on January 17, 2025. McConville Decl., Ex. D. Boston Retirement and Hollywood Firefighters Fund filed their

motion for appointment as lead plaintiff on March 18, 2025. ECF 18. Accordingly, they have satisfied the first requirement to become the presumptive lead plaintiffs.

## 2. Financial Interest

The Court also finds that Boston Retirement and Hollywood Firefighters Fund are the movants asserting the largest financial interest. In assessing relative financial interests, courts in this Circuit have traditionally applied a four factor test, which considers:

> (1) the total number of shares purchased during the class period;
>
> (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period);
>
> (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and
>
> (4) the approximate losses suffered.

*Turpel v. Canopy Growth Corp.*, 704 F. Supp. 3d 456, 465 (S.D.N.Y. 2023) (citation omitted). "Of these factors, courts have consistently held the fourth, the magnitude of the loss suffered, most significant." *Id.*; *see also Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014) (holding that movant that suffered the greatest financial losses has the largest financial interest in the lawsuit).

The PSLRA permits "a person or group of persons" to be appointed as lead plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii). "Courts permit unrelated investors to move for appointment as lead plaintiff, and aggregate their financial interests, on a

case-by-case basis." *Armstrong v. Med. Props. Tr., Inc.*, No. 23 Civ. 8597, 2024 WL 3784445, at *3 (S.D.N.Y. Aug. 13, 2024). Yet if unrelated members wish to serve together as lead plaintiffs, they "must provide evidence that they will function cohesively and thus best serve the class." *Korver v. Sage Therapeutics, Inc.*, No. 24 Civ. 6511 (LGS), 2024 WL 4930284, at *2 (S.D.N.Y. Dec. 2, 2024).

In assessing whether unrelated members should be permitted to form a group, courts have considered factors such as "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008). Unrelated investors may not serve collectively as lead plaintiffs if the group "has not provided sufficient evidence that it will function cohesively, and has only provided 'conclusory assurances' that call into question whether it can manage th[e] litigation effectively." *Micholle v. Ophthotech Corp.*, No. 17 Civ. 1758, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (citing *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191–92 (S.D.N.Y. 2011)).

Boston Retirement and Hollywood Firefighters Fund are a permissible group, as they satisfy the factors described in *Varghese*. First, although the joint declaration in support of their motion does not describe a pre-litigation relationship between the two funds, McConville Decl., Ex. C ("Joint Decl."), "[t]his is a negative factor but not disqualifying by itself." *Chauhan v. Intercept Pharms.*, No. 21 Civ.

6

00036, 2021 WL 235890, at *4 (S.D.N.Y. Jan. 25, 2021) (quoting *Cohen v. Luckin Coffee Inc.,* 2020 WL 3127808, at *5 (S.D.N.Y. June 12, 2020)). The Joint Declaration describes at a high-level joint involvement by the funds in preparing for the motion and joint consideration of their cooperative approach to the litigation. Joint Decl., ¶¶ 10-16. The Joint Declaration also states that the funds intend to work in a "collaborative and cohesive manner" and have developed processes and procedures for overseeing this litigation both with and separate from counsel. *Id.* ¶¶ 10-11. These statements are sufficient to satisfy the second and third factors, despite their relative lack of detail, as they indicate the funds intend to work together cohesively and remain involved in litigating these claims.

Both Boston Retirement and Hollywood Firefighters Fund are experienced and sophisticated institutional investors. Joint Decl., ¶ 4. They have previously served as lead plaintiff in other securities class actions as members of a group formed with other institutional investors. *Id.* Moreover, the funds stated that they selected their counsel. Joint Decl., ¶¶ 1, 13. Allowing Boston Retirement and Hollywood Firefighters Fund to form a group would be consistent with the PSLRA's goal: "Appointing lead plaintiff[s] on the basis of financial interest, rather than on a 'first come, first serve' basis, was intended to ensure that institutional plaintiffs with expertise in the securities market and real financial interests in the integrity of the market would control the litigation, not lawyers." *In re Donnkenny Inc. Sec. Litigation*, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997). Boston Retirement and

Hollywood Firefighters Fund are a cohesive group and can be considered as such for the purposes of appointing lead plaintiff.

Boston Retirement purchased 17,080 shares of FTAI securities during the Class Period, and did not sell any of those shares during the Class Period. McConville Decl., Ex. B. Hollywood Firefighters Fund purchased 7,920 net shares during the Class Period. *Id.* Boston Retirement and Hollywood Firefighters Fund together have asserted losses of $494,121.67 on a first-in first-out basis in connection with their purchase of securities during the Class Period. *Id.* No other movant for lead plaintiff has asserted a larger financial interest. Accordingly, the second requirement for Boston Retirement and Hollywood Firefighters Fund to become presumptive lead plaintiffs has also been met.

### 3. Rule 23

Lastly, Boston Retirement and Hollywood Firefighters Fund have made a preliminary showing that they otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Although Rule 23's class certification requirements include numerosity, commonality, typicality, and adequacy, at this preliminary stage, "the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met." *Carpenter v. Oscar Health, Inc.*, 631 F. Supp. 3d 157, 162 (S.D.N.Y. 2022) (quoting *In re Paysafe Ltd.*, No. 21 Civ. 10611 (ER) (KHP), 2022 WL 1471122, at *7 (S.D.N.Y. May 10, 2022)).

A lead plaintiff's claims are typical when "each class member's claim arises from the same course of events, and each class member makes similar legal

8

arguments to prove the defendant's liability." *Li v. Spirit AeroSystems Holdings, Inc.*, No. 23 Civ. 3722, 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023) (quoting *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010)). An adequate lead plaintiff "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Id.* (cleaned up).

Boston Retirement and Hollywood Firefighters Fund meet both requirements. Like other members of the proposed class, Boston Retirement and Hollywood Firefighters Fund claim that Defendants issued false and misleading statements resulted in losses to its investors. Nothing suggests that Boston Retirement and Hollywood Firefighters Fund have any conflict of interest with the proposed class, are subject to a unique defense or suffer any other infirmity that would impair its ability to represent the Class. Boston Retirement and Hollywood Firefighters Fund have certified that they are willing to fulfill the duties of lead plaintiff and have retained experienced counsel. ECF No. 24-1. Notably, both Boston Retirement and Hollywood Firefighters Fund are sophisticated institutional investors that have served as lead plaintiffs or co-lead plaintiffs in other securities class actions brought pursuant to the PSLRA and are familiar with the duties attendant thereto. Joint Decl., ¶ 4. They have met all requirements to be entitled to the presumption that they are the most adequate lead plaintiffs.

Given the lack of opposition to Boston Retirement and Hollywood Firefighters Fund's motion, no proof has been offered rebutting this presumption. The Court

therefore finds that Boston Retirement and Hollywood Firefighters Fund are the most adequate plaintiffs and appoints them to serve as lead plaintiffs.

### B. APPROVAL OF LEAD COUNSEL

Subject to the Court's approval, lead plaintiff shall "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts "generally defer[] to the plaintiff's choice of counsel, and will only reject the plaintiff's choice if necessary to protect the interests of the class." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, No. 20 Civ. 9132, 2021 WL 396343, at *6 (S.D.N.Y. Feb. 4, 2021) (cleaned up). "In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience." *City of Omaha Police & Firefighters Ret. Sys.,* 2023 WL 6458930, at *7.

Boston Retirement and Hollywood Firefighters Fund have selected Labaton and Kessler Topaz as co-lead counsel. Each firm has substantial experience in the prosecution of securities fraud class actions, having served as lead or co-lead counsel in many securities class actions. McConville Decl., Exs. E, F. Both firms are qualified to prosecute this securities action on behalf of the Class. Accordingly, the Court approves the selection of Labaton and Kessler Topaz as co-lead counsel.

### CONCLUSION

For the foregoing reasons, Boston Retirement and Hollywood Firefighters Fund are appointed as lead plaintiffs, and Labaton and Kessler Topaz are appointed as co-lead counsel.

By July 25, 2025, the parties shall submit a joint letter setting forth their

10

positions regarding a schedule for any amendment to the operative complaint and briefing on any potential motions to dismiss.

The Clerk of Court is respectfully directed to terminate ECF Nos. 8, 11, 17, 18, 21, 29, and 34.

SO ORDERED.

Dated: July 17, 2025
      New York, New York

                                          JEANNETTE A. VARGAS
                                          United States District Judge