**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF HOLLYWOOD FIREFIGHTERS' PENSION FUND and BOSTON RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>FTAI AVIATION LTD., JOSEPH P. ADAMS, JR., and EUN (ANGELA) NAM,<br><br>        Defendants. | No. 1:25-cv-00541-JAV<br><br><br>ORAL ARGUMENT REQUESTED |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION TO STRIKE CERTAIN EXHIBITS FROM DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Lead Plaintiffs City of Hollywood Firefighters' Pension Fund and Boston Retirement System (collectively, "Lead Plaintiffs") respectfully submit this memorandum of law in support of Lead Plaintiffs' motion to strike certain exhibits from Defendants'[1] Motion to Dismiss[2] the Amended Class Action Complaint (the "Complaint," ECF No. 64), filed concurrently herewith.[3]

## I.    INTRODUCTION

It is well-established in the Second Circuit that during the motion to dismiss stage, the court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, in a transparent attempt to contradict the Complaint's well-pled factual allegations and create their own counter-narrative, Defendants attached 23 extrinsic exhibits—selectively excerpted and collectively spanning more pages than the Complaint itself—to their MTD. *See* Decl. of Tansy Woan, Exs. A-W (ECF No. 70-1 through 70-23).

Through these exhibits, Defendants assert an alternative set of facts consisting of irrelevant, unsubstantiated, and contradictory information contained in earnings call transcripts, FTAI's

---

[1] Defendants are FTAI Aviation Ltd. ("FTAI" or the "Company"), Joseph P. Adams, Jr. ("Adams"), and Eun (Angela) Nam ("Nam") (together with FTAI, "Defendants").

[2] "MTD" refers to the Memorandum of Law in Support of Defendants' Motion to Dismiss (ECF No. 69). Citations to "¶" or "¶¶" refer to paragraphs in the Complaint. Unless otherwise noted, all emphasis has been added and internal quotation marks omitted throughout.

[3] Rather than file a request for judicial notice, Defendants introduced the Exhibits through a declaration in support of their MTD.  Defendants' gamesmanship leaves Lead Plaintiffs with only two paths—(i) waiving Lead Plaintiffs' challenge to Defendants' exhibits or (ii) filing a motion to strike to contest Defendants' exhibits.  Therefore, Lead Plaintiffs opted to file the instant motion. Indeed, under similar circumstances, courts within this District have construed similar motions as "an invitation by the plaintiff to consider whether the [exhibits] as submitted by the defendant may properly be relied upon."  *Burns v. Bank of Am.*, 2007 WL 1589437, at *11 (S.D.N.Y. June 4, 2007) (quoting *Monroe v. Bd. of Ed. of Town of Wolcott, Connecticut,* 65 F.R.D. 641, 645 (D. Conn. 1975)); *see Bazzelle v. Novocure Ltd.*, 2025 WL 843668, at *6–7 (S.D.N.Y. Mar. 18, 2025); *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 238–40 (S.D.N.Y. 2023).

filings with the Securities and Exchange Commission (the "SEC"), and a self-serving chart that purports to contain FTAI's stock prices. It is improper for Defendants to ask the Court to consider these materials at the motion to dismiss stage for the truth of the matter asserted therein. At bottom, the introduction of Defendants' MTD exhibits impermissibly attempts to establish competing facts and inferences inconsistent with the well-pled allegations of the Complaint, which must be accepted as true at this stage. *See* Section III, *infra.*

Accordingly, Defendants' gamesmanship should be rejected, and their competing factual contentions and exhibits should be either (i) disregarded or (ii) considered only to determine what the documents stated—not for the truth of the matter asserted therein.

## II.    LEGAL STANDARD

On a motion to dismiss, Defendants may not introduce facts not alleged in the complaint unless such facts fall into specific exceptions. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). A motion to dismiss may draw only on the complaint's: (i) allegations, (ii) documents attached or incorporated by reference, or (iii) documents "upon which [the complaint] solely relies and which [are] integral to the complaint." *Id.*; *Safran Elecs. & Defense SAS v. iXblue SAS*, 789 F. App'x 266, 270 (2d Cir. 2019) (same).

At any rate, even in such a situation "where public records [] are integral to a fraud complaint [but] are not attached to it, the court . . . is permitted to take judicial notice of those records" "only to determine what the documents stated," and "not to prove the truth of their contents." *Roth*, 489 F.3d at 509; *In re Hebron Tech. Co., Ltd. Sec. Litig.*, 2021 WL 4341500, at *1 n. 2 (S.D.N.Y. Sept. 22, 2021) (with respect to matters of public record, considering them "'not for the truth of the matters asserted therein,' but only 'for the fact that the statements were made'"); *SEC v. Fiore*, 416 F. Supp. 3d 306, 328–29 (S.D.N.Y. 2019) (same); *Sharette v. Credit Suisse Int'l.*, 127 F. Supp. 3d 60, 75 (S.D.N.Y. 2015) (same).

Moreover, even when courts take judicial notice of documents attached to a motion to dismiss, they should "continue[] to draw all reasonable inferences in the [plaintiff's] favor." *SEC v. Ripple Labs, Inc.*, 2022 WL 762966, at *1 n.1 (S.D.N.Y. Mar. 11, 2022). "Outside of these categories, it is generally not appropriate for a court, on a motion to dismiss, to consider information or documents extrinsic to the complaint." *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 287 (S.D.N.Y. 2013).

## III.    ARGUMENT

In support of their MTD, Defendants rely on a number of exhibits to create an alternative version of the facts alleged in the Complaint.  Specifically, Defendants seek judicial notice of four categories of materials: (i) earnings call transcripts, (ii) certain SEC filings, (iii) FTAI's stock price chart, and (iv) certain accounting rules.  Because Defendants impermissibly proffer the exhibits solely to dispute facts of the Complaint and ask the Court to accept those facts as true, the below exhibits should be either (i) disregarded or (ii) considered only to determine what the documents stated—not for the truth of the matter asserted therein.

### A.    The Court Should Not Consider Certain Earnings Call Transcripts—Exhibits F, G, P—Relied Upon by Defendants' MTD, For the Truth of the Matter Asserted Therein

To the extent Defendants introduced Exhibits F (Q4 2022 Earnings Call Transcript), G (Q3 2022 Earnings Call Transcript), P (Q2 2022 Earnings Call Transcript) for the truth of the matter asserted therein, the Court should not consider these exhibits. *In re Bausch & Lomb, Inc. Sec. Litig.*, 2003 WL 23101782, at *17 (W.D.N.Y. Mar. 28, 2003) (declining to consider earnings call transcript "not attached to the complaint or incorporated by reference"). The earnings call transcripts merely mention that the Company reported positive financial results (MTD at 8), which Defendants argue should somehow exonerate them of securities fraud, or that the modules have "different useful life" (MTD at 5). The only purpose of introducing these earnings call transcripts

3

is to dispute the Complaint's well-pled allegations that Defendants engaged in undisclosed, complex accounting improprieties. Accordingly, the Court should not consider Exhibits F, G, and P for the truth of the matter asserted therein.

        **B.**        **The Court Should Not Consider Certain SEC Filings—Exhibits H, S, T, U— Relied Upon by Defendants' MTD, For the Truth of the Matter Asserted Therein**

Defendants introduced Exhibits H (2023 Form 10-K), T (2015 Form 10-K), U (July 23, 2024 Form 8-K) to support their arguments that FTAI has disclosed its accounting practices around its depreciation policy and adequately cautioned the market concerning the uncertainty of the Company's financial results. *See* MTD at 12, 13, 14, 21. That is also improper. Leaving aside the fact that the Complaint did not cite or rely on Exhibit H and that Exhibit T was disseminated outside of the Class Period, the content of the exhibits directly contradicts the Complaint's allegations that Defendants engaged in a fraudulent accounting scheme, where among other things, they manipulated the depreciation of the modules, inflated the value of the modules, and fraudulently transferred the modules between Aerospace Products and Aviation Leasing to artificially inflate the Company's financial results. *See* ¶¶90–98, 99–104. Despite the well-pled allegations, Defendants cite Exhibit U to argue that "Plaintiffs do not allege any facts that contradict FTAI's repeated attributions of its Aerospace Products Adjusted EBITDA growth to increasing customer demand." MTD at 14. Accordingly, the Court should not accept these statements for the truth of the matter asserted therein. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424-25 (2d Cir. 2008) (considering SEC filings only for the fact that they "contained certain information" and not "for the truth of the matter asserted").

Additionally, Defendants improperly introduced Exhibit S (February 20, 2025 Form 8-K) to assert that FTAI's "Audit Committee had determined that the short sellers' allegations were 'without merit.'" MTD at 9–10, 15. First, Defendants seek to use the exhibit to directly contradict

4

the Complaint's allegations that the Company's accounting practices surrounding its Aerospace Products and Aviation Leasing were improper. Second, absent any actual reports published by the Audit Committee and without engaging in further discovery, Defendants' argument lacks a factual basis to rely on the Audit Committee's findings and to conclude that the Muddy Waters Report and Snowcap Report were "without merit." Third, Exhibit S postdates the Class Period, rendering it irrelevant to investors already damaged by Defendants' fraud. Accordingly, the Court should not consider Exhibit S for the truth of the matter asserted therein. *See Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*, 632 F. Supp. 3d 402, 436 (S.D.N.Y. 2022) ("When a court takes judicial notice of a document on a motion to dismiss, it should generally do so only to determine what statements the documents contain not for the truth of the matters asserted.").

**C.      The Court Should Not Consider FTAI Historical Stock Price Chart—Exhibit W—Prepared by Defendants**

Defendants' Exhibit W (FTAI Historical Stock Price Chart) is improper and should be disregarded.  Specifically, Exhibit W, which purports to show that "FTAI's stock price was trading higher than it was immediately before Muddy Waters published its meritless report" (MTD at 10), incorporates information that is long past the end of the Class Period, rendering it irrelevant for the Court's disposition of Defendants' MTD. *Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 692 F.3d 34, 41 (2d Cir. 2012) (finding that an increase in share price shortly after the close of the class period only raises an issue of fact not resolvable at the motion-to-dismiss stage). Accordingly, the Court should not consider Exhibit W.

**D.      The Court Should Not Consider Certain Accounting Standards—Exhibits K, M, V—Relied Upon by Defendants' MTD, For the Truth of the Matter Asserted Therein**

Finally, to the extent that Defendants introduced Exhibits K (FASB ASC Topic 330), M (FASB ASC Topic 606), and V (FASB ASC Topic 230) for the sole purpose to establish that (i)

5

the Company had properly calculated the fair value and book value of its inventory (*see* MTD at 13) and (ii) the Company's financials were accurate and not misleading, thereby rebutting well-pled allegations concerning Defendants' accounting scheme that improperly inflated the Company's financial metrics, the Court should not consider Exhibits K, M, and V "for the truth of the matters asserted therein." *In re Hebron Tech.*, 2021 WL 4341500, at *1 n. 2.

## IV.    CONCLUSION

For the foregoing reasons, to the extent Defendants seek to establish the truth of the facts asserted therein, the Court should decline to consider Exhibits F, G, H, K, M, P, S, T, U, V, and W.

Dated: January 22, 2026                    Respectfully Submitted,

**LABATON KELLER SUCHAROW LLP**

By: /s/ *James T. Christie*
Michael P. Canty
James T. Christie
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477
mcanty@labaton.com
jchristie@labaton.com

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Sharan Nirmul
Geoffrey C. Jarvis
Vanessa M. Milan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
gjarvis@ktmc.com
vmilan@ktmc.com

*Counsel for Lead Plaintiffs City of Hollywood Firefighters' Pension Fund and Boston Retirement System and Lead Counsel for the Class*

6

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner
7080 N.W. 4th Street
Plantation, Florida 33317
bob@robertdklausner.com

*Additional Counsel for Lead Plaintiff City of Hollywood Firefighters' Pension Fund*

7

## LOCAL RULE 7.1(C) CERTIFICATION

I, James T. Christie, hereby certify that this memorandum of law complies with the word-count limitations set forth in Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York and Section 5(c) of the Court's Individual Rules and Practices in Civil Cases, and contains 1,837 words, exclusive of the caption, table of contents, table of authorities, signature blocks, and this certificate.

DATED:      January 22, 2026
            New York, New York

/s/ *James T. Christie*
James T. Christie

8