**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF HOLLYWOOD FIREFIGHTERS' PENSION FUND and BOSTON RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>FTAI AVIATION LTD., JOSEPH P. ADAMS, JR., and EUN (ANGELA) NAM,<br><br>            Defendants. | No. 1:25-cv-00541-JAV<br><br><br>ORAL ARGUMENT REQUESTED |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFFS'
MOTION TO STRIKE CERTAIN EXHIBITS FROM DEFENDANTS' MOTION TO
DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Lead Plaintiffs City of Hollywood Firefighters' Pension Fund and Boston Retirement System (collectively, "Lead Plaintiffs") respectfully submit this reply memorandum of law in further support of Lead Plaintiffs' Motion to Strike Certain Exhibits from Defendants'[1] Motion to Dismiss the Amended Class Action Complaint (the "Complaint," ECF No. 64).[2]

## I.    INTRODUCTION

Defendants' MTS Opposition is masterclass in hyperbole over substance. To start, Defendants condemn the MTS as procedurally improper and accuse Lead Plaintiffs of only using it as a vehicle to circumvent word limitations in the MTD Opposition. Defendants, however, ignore that courts within this District have granted identical relief. *See, e.g.*, *Gagnon v. Alkermes PLC*, 368 F. Supp. 3d 750, 763 (S.D.N.Y. 2019) (striking motion to dismiss exhibits pursuant to Rule 12(d)); *Micholle v. Ophthotech, Corp.*, 2019 WL 4464802, at *11 n. 13 (S.D.N.Y. Sept. 18, 2019) (striking motion to dismiss exhibits pursuant to FRE 201). Contrary to their lengthy brief, it is Defendants who committed procedural error here by both including improper extraneous documents in their motion to dismiss and failing to submit a standalone motion requesting judicial notice.[3] Lead Plaintiffs simply seek to address these errors by moving to strike those improperly

---

[1] Defendants are FTAI Aviation Ltd. ("FTAI" or the "Company"), Joseph P. Adams, Jr. ("Adams"), and Eun (Angela) Nam ("Nam") (together with FTAI, "Defendants").

[2] "Citations to "¶" or "¶¶" refer to paragraphs in the Complaint. Unless otherwise noted, all emphasis has been added and internal quotation marks omitted throughout. "MTS" refers to Lead Plaintiffs' memorandum of law in support of their motion to strike (ECF No. 73). "MTS Opp." or "MTS Opposition" refers to Defendants' memorandum of law in opposition to Lead Plaintiffs' motion to strike (ECF No. 74). "MTD" refers to Defendants' memorandum of law in support of Defendants' motion to dismiss (ECF No. 69). "MTD Opp." refers to Lead Plaintiffs' memorandum of law in opposition to Defendants' motion to dismiss (ECF No. 71).

[3] Indeed, Defendants' footnote request for judicial notice is improper. *See, e.g.*, *Philpot v. Alternet Media, Inc.*, 2018 WL 6267876, at *5 n.1 (N.D. Cal. Nov. 30, 2018) (rejecting defendant's request for judicial notice "state[d] in a footnote in its motion to dismiss" on the basis that "[defendant] submits no formal request for judicial notice" and "does not explain what, if anything, the Court is supposed to infer from [the extrinsic evidence proffered]").

relied on documents.

Defendants' other arguments similarly fail. Defendants' contention that Lead Plaintiffs used the MTS improperly to pad their MTD Opposition is absurd. *See* MTS Opp. at 1–2. Lead Plaintiffs' MTS makes no merits arguments and is limited to addressing the documents at issue and why Defendants' inclusion of them at this stage is improper.[4]

Moreover, Lead Plaintiffs' request that the Court not credit Defendants' exhibits for the truth of the matter asserted is not an admission that the MTS lacks merit, as Defendants aver. MTS Opp. at 3. Indeed, many documents were mentioned in the Complaint in an exceedingly passing manner, which courts frequently find to be grounds for refusal to notice such documents. *See Bergensen v. Manhattanville College*, 2021 WL 3115170, at *2 (S.D.N.Y. July 20, 2021) (finding documents not incorporated by reference when the plaintiff "makes several clear references . . . and quotes it twice"). As is uniform in any opposition to a proper request for judicial notice, Lead Plaintiffs have requested that if the Court finds any document appropriate for notice, that it refuse to consider them for the truth of the matter asserted as Defendants seek.

All told, Defendants' MTS Opposition confirms Lead Plaintiffs' concern about Defendants' improper use of the 11 exhibits to dispute the Complaint's well-pled allegations. Defendants' use of the Exhibits and request that the Court interpret the documents in a way inconsistent with the Complaint's well-pled allegations are inappropriate at this stage of the proceedings. Indeed, "a court at this stage of our proceeding is not engaged in an effort to determine the true facts." *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016). Accordingly, for the reasons stated herein in the MTS, Lead Plaintiffs respectfully request that the Court grant

---

[4] Ironically, Defendants' MTS Opposition is dripping with merits arguments—evincing a double standard that cuts against Defendants' arguments. *See, e.g.*, MTS Opp. at 9–10, 11–13, 14–18.

2

the MTS in full.

## II.     ARGUMENT

### A.     The Court May Properly Consider Lead Plaintiffs' MTS

Lead Plaintiffs ask the Court to strike or exclude certain documents or, at the very least, decline to use the documents for the purposes requested by Defendants. In their MTS Opposition, Defendants first argue that the MTS pursuant to Rule 12(f) is "procedurally improper" and should be denied on those grounds. MTS Opp. at 3–4. However, it is well within the Court's authority to strike or exclude matters presented outside the pleadings on a Rule 12(b)(6) motion to dismiss—such as those Defendants submit here. *See, e.g.*, *Gagnon*, 368 F. Supp. 3d at 763 (striking motion to dismiss exhibits pursuant to Rule 12(d)); *Micholle*, 2019 WL 4464802, at *11 n. 13 (striking motion to dismiss exhibits pursuant to FRE 201); *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 288–89 (S.D.N.Y. 2013) (granting plaintiff's motion to strike exhibits submitted in connection with defendants' motion to dismiss in an attempt to dispute allegations in complaint); *In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at *16 (S.D.N.Y. June 10, 2010); *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988) ("the court may exclude the additional material and decide the motion on the complaint alone. . . ."); Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Indeed, "[w]hether to grant or deny a motion to strike is vested in the trial court's sound discretion." *Schneidermesser v. NYU Grossman Sch. of Med.*, 2024 WL 4054372, at *1 (S.D.N.Y. Sept. 5, 2024).  Accordingly, the MTS is procedurally proper and can be considered by the Court.

> **B.**     **The Court Should Not Consider Certain Earnings Call Transcripts—Exhibits F, G, and P**

Defendants cannot make the required showing for incorporation by reference for Exhibits F, G, and P when Defendants admit that Exhibit F was only referenced once; Exhibit P was referenced once; and Exhibit G was referenced three times. *See* MTS Opp. at 5. "A mere passing reference or even references . . . to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself." *QED, LLC v. Faber Daeufer & Itrato, P.C.*, 2021 WL 707073, at *2 (S.D.N.Y. Feb. 22, 2021) (quoting *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011)); *see also Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) (holding that where "[t]he amended complaint merely discussed [certain] documents and presented short quotations from them" the documents were not incorporated by reference because "[l]imited quotation does not constitute incorporation by reference"). "As such, the few small quotations in the Complaint do not incorporate the Statement by reference." *Bergensen*, 2021 WL 3115170, at *2 (finding documents not incorporated by reference when the plaintiff "makes several clear references . . . and quotes it twice").

Even if the documents can be properly considered, Defendants' argument that "[t]hese documents provide context for Plaintiffs' assertion that, '[e]ven prior to the Class Period,' Defendants misleadingly 'lauded FTAI's purportedly strong and growing Aerospace Products' EBITDA'" demonstrates exactly why the Court should not consider them for their truth. MTS Opp. at 6. For instance, Defendants purportedly offer Exhibit G to add the additional context that "FTAI was experiencing 'a rapidly expanding backlog of aerospace products business.'" *Id.* Likewise, according to Defendants, Exhibits F and P purportedly explain "why FTAI was seeing a rapidly expanding backlog." MTS Opp. at 6–7. However, if not offered for its truth that the Company's EBITDA grew because of organic customer demand (and not because of Defendants'

fraudulent accounting improprieties, as the Complaint alleges), for what other purposes could this document serve? None. Therefore, the Court should not consider Exhibits F, G, and P, or at the least, not for the truth of the matter asserted therein.[5] MTS at 3–4.

**C.      The Court Should Not Consider Certain SEC Filings—Exhibits H, S, T, U**

As an initial matter, while Defendants concede that Exhibit T, which the Complaint neither cites nor relies on, is not incorporated by reference, *see* MTS Opp. at 8–11, Defendants insist that the Complaint's passing reference to Exhibit H (2023 10-K) warrants incorporation by reference. *See* MTS Opp. at 9. Not so. As explained, "[a] mere passing reference or even references . . . to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself." *QED, LLC*, 2021 WL 707073, at *2. In fact, the Complaint does not quote a single word from Exhibit H. *See* ¶137 (quoting from Q2 Form 10-Q); ¶163 (quoting from Q3 Form 10-Q). Therefore, Defendants have no basis to claim that Exhibit H is "expressly incorporated by reference." MTS Opp. at 9.

Next, to the extent that Defendants argue that the documents are judicially noticeable, the Court may only judicially notice these documents for the limited purpose of determining "what statements [they] contained." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). This, however, is not what Defendants are requesting, nor how the MTD uses these documents. Rather, Defendants ask the Court to consider these documents for the truth of the matter asserted, which is improper at this stage. *See id.* ("If the court takes judicial notice, it does so in order 'to determine what statements [they] contained'—but 'again not for the truth of the matters asserted.'"). Specifically, Defendants posit that Exhibits H and T were offered to show that FTAI's accounting

---

[5] *Kramer v. Time Warner Inc.* is inapposite. As explained in n. 2, *supra*, Lead Plaintiffs never asked that the Court should "refrain from considering such documents." 937 F.2d 767, 774 (2d Cir. 1991).

or depreciation policies were not "unknown to investors."[6] MTS Opp. at 9.

Exhibits H and T were only offered to support Defendants' counterfactual narrative: that FTAI had properly and faithfully complied with its accounting policies.[7] *See* MTS Opp. at 8–11. For instance, in their MTD Opposition, citing Exhibit H, Defendants argue that "FTAI also disclosed that its Aerospace Products' revenue is 'accounted for within the scope of ASC 606.'" MTD at 12–13. Similarly, Defendants cite Exhibit T to argue that "FTAI disclosed in each of its annual reports that it depreciates engines carried as leasing equipment 'using the straight-line method' over an estimated useful life of '2-6 years, based on maintenance adjusted service life.'" *Id.* As such, Defendants improperly use these exhibits to proffer a competing factual narrative unripe for consideration that FTAI had complied with ASC 606 and its depreciation policy. *See* MTS at 4–5. Accordingly, the Court should not consider Exhibits H and T for the truth of the matter asserted therein.

Defendants' argument with respect to Exhibit U is similarly flawed. Defendants offer Exhibit U for its truth that customer demand fueled FTAI's EBITDA growth and argue that "Plaintiffs do not allege any facts that contradict FTAI's repeated attributions of its Aerospace Products Adjusted EBITDA growth to increasing customer demand." MTD at 14. Such factual argument is in direct contention with the Complaint's well-pled allegations concerning

---

[6] However, as already explained in Lead Plaintiffs' MTD Opposition, "the fact that whether FTAI fully disclosed its accounting policies is irrelevant to the inquiry of whether Defendants employed those accounting policies in a deceptive manner designed to boost EBITDA, as the Complaint alleges."[6] MTD Opp. at 14.

[7] Indeed, Defendants' misinterpretation of the Complaint's allegations is confirmed by Defendants' own admission that the exhibits were offered to "rebut[] other nondisclosure allegations concerning FTAI's accounting policies." MTS Opp. at 9.

Defendants' EBITDA accounting scheme.[8] *See* MTS Opp. at 12. Worse, Defendants' assertion attempts to factually rebut Lead Plaintiffs' allegations concerning the falsity of Defendant Adams's October 31, 2024 statement that attributed the adjusted EBITDA growth to Aerospace Products' "tremendous growth" and "organic growth." *See* ¶¶156–73. Accordingly, even if Exhibit U is incorporated by reference, the Court should not consider the document for its truth. *See Glantz v. James River Group Holdings, Ltd.*, 2025 WL 278440, at *5 (S.D.N.Y. Jan. 23, 2025).

Finally, as to Exhibit S, Defendants' MTS Opposition's arguments are moot. MTS Opp. at 12–13. Even if this Court takes judicial notice of Exhibit S, the sole purpose for which Defendants seek to use it is for the truth of the matter asserted. Specifically, Defendants request that the Court take the results of FTAI's whitewashed internal investigation discussed in Exhibit S as gospel, an approach wholly inappropriate at the pleading stage. *See Lateral Recovery, LLC v. Cap. Merch. Servs.*, LLC, 632 F. Supp. 3d 402, 436 (S.D.N.Y. 2022) ("[w]hen a court takes judicial notice of a document on a motion to dismiss, it should generally do so only to determine what statements the documents contain not for the truth of the matters asserted"). The means undertaken by and purported accuracy of the investigation described in Exhibit S are in direct contention with the factual allegations of the Complaint. Bedrock civil procedure holds that such factual dispute is unripe for adjudication at the pleading stage. At bottom, whether or not the Court notices Exhibit S simply has no bearing on the MTD based on Defendants' inappropriate usage thereof.

---

[8] Defendants' reliance on *I. Meyer* is misplaced. There, the court took notice of a prospectus that plaintiff failed to submit as an exhibit to a complaint "based ***only*** on an alleged written misrepresentation appearing within th[at specific] prospectus [and] no misrepresentations stemming from any other source." *I. Meyer Pincus & Associates, P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1981) (emphasis in original).

**D.      The Court Should Not Consider Certain Accounting Standards—Exhibits K, M, V**

To start, Defendants once again misrepresent the MTS by stating "the Court should not consider copies of relevant topics of the FASB's ASC (Exhibits K, M, and V)." MTS Opp. at 15. The MTS makes no such argument. *See* MTS at 5–6. To be clear, the thrust of the MTS here is that Defendants introduce Exhibits K, M, and V for the sole purpose of establishing: (i) the accuracy of the fair value and book value of its inventory (MTD at 13; MTS Opp. at 16–18) and; (ii) the accuracy of the Company's financials (MTS Opp. at 17–18). In essence, Defendants use these documents to factually rebut that Defendants' accounting scheme had improperly inflated the Company's financial metrics. *See* MTS Opp. at 16–18. The existence of an accounting standard is one matter, but seeking judicial notice of that standard to presume the sanctity of FTAI's accounting practices is a different beast entirely. Defendants take the latter approach, which is improper. *Roth*, 489 F.3d at 509.

Defendants' remaining arguments parrot the MTD and are divorced from the analysis at issue here. For instance, relying on Exhibit M, Defendants insist that "Plaintiffs do not allege that FTAI failed to estimate the fair value of the noncash consideration received in connection with engine exchanges with its customers." MTS Opp. at 17. Yet the Complaint alleges that modules awaiting repair in FTAI's inventory (mainly consisting of lower value modules) were valued 50% higher than those sold to customers. ¶¶106–12; *see* MTD Opp. at 14–15. Similarly, citing Exhibit V, Defendants point out that the adjustment "shows, at most, that FTAI had $244.353 million in gains from asset sales that it did not attribute to operating activities." MTS Opp. at 18. However, that again ignores the Complaint's allegations that Aerospace Products obtained 80% of its

8

EBITDA from gain on sales.[9] *See* MTD Opp. at 14–15. At a minimum, accepting all factual claims in the complaint as true and drawing all possible inferences from those allegations in favor of Lead Plaintiffs, the Court may infer that FTAI performed little repair on the engines. *See Rombach v. Chang*, 355 F.3d 164, 169 (2d Cir. 2004).

**E.    The Court Should Not Consider FTAI Historical Stock Price Chart—Exhibit W**

Defendants' MTS Opposition also perplexingly levies loss causation arguments that FTAI's stock price after the end of the Class Period should negate a finding of loss causation. MTS Opp. at 13–15. However, the Second Circuit has already clarified that "determining why a stock's price rebounded after an initial drop requires the court to consider 'a competing theory of causation and raises factual questions not suitable for resolution on a motion to dismiss.'"[10] *Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 692 F.3d 34, 39 (2d Cir. 2012). Here, Defendants' invitation to consider the competing "inference that the market agreed with the Audit Committee: the short-sellers' (and thus Plaintiffs') allegations of accounting improprieties are meritless" is exactly the type of factual question that the Court cannot resolve at the motion to dismiss stage. *See* MTS Opp. at 14. Therefore, Lead Plaintiffs request that if the Court is nonetheless inclined to consider Exhibit W, it should not consider it for the truth of the matter asserted as Defendants request.

**III.    CONCLUSION**

For the foregoing reasons, Lead Plaintiffs' Motion to Strike should be granted.

---

[9] *Patel v. L-3 Commun. Holdings Inc.* is inapposite. There, the plaintiffs concluded that because "the Whistleblower wore a suit to work on one of the days of Strianese's visit, . . ." "Strianese met with the Whistleblower in Huntsville." 2016 WL 1629325, at *9 (S.D.N.Y. Apr. 21, 2016).

[10] Defendants' argument is also blind to the fact that Congress, through the passage of the PSLRA, already accounted for post-class period stock price increases through the 90-day lookback period. *See* 15 U.S.C § 78u-4(e)(1). Thus, any concerns allayed by Defendants are illusory.

Dated: February 12, 2026

Respectfully Submitted,

**LABATON KELLER SUCHAROW LLP**

By: /s/ *James T. Christie*
Michael P. Canty
James T. Christie
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477
mcanty@labaton.com
jchristie@labaton.com

**KESSLER TOPAZ MELTZER
& CHECK, LLP**
Sharan Nirmul
Geoffrey C. Jarvis
Vanessa M. Milan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
gjarvis@ktmc.com
vmilan@ktmc.com

*Counsel for Lead Plaintiffs City of Hollywood
Firefighters' Pension Fund and Boston Retirement
System and Lead Counsel for the Class*

**KLAUSNER, KAUFMAN, JENSEN &
LEVINSON**
Robert D. Klausner
7080 N.W. 4th Street
Plantation, Florida 33317
bob@robertdklausner.com

*Additional Counsel for Lead Plaintiff City of
Hollywood Firefighters' Pension Fund*

10

## **LOCAL RULE 7.1(C) CERTIFICATION**

I, James T. Christie, hereby certify that this memorandum of law complies with the word-count limitations set forth in Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of New York and Section 5(c) of the Court's Individual Rules and Practices in Civil Cases, and contains 3,011 words, exclusive of the caption, table of contents, table of authorities, signature blocks, and this certificate.

DATED:        February 12, 2026
              New York, New York


                                        /s/ *James T. Christie*
                                        James T. Christie